ı **Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001092**
**08-NOV-2013**
**09:24 AM**

NO. CAAP-12-0001092

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHANKEL TORRICER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0845)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Shankel Torricer ("Torricer") appeals from the December 14, 2012 Order of Resentencing; Revocation of Probation, entered by the Circuit Court of the First Circuit ("Circuit Court").[1]

On appeal, Torricer contends that the Circuit Court "was wrong in failing to strike the [Plaintiff-Appellee State of Hawai'i's] Motion for Revocation of Probation where it did not comply with [Hawai'i Rules of Penal Procedure] Rule 2.2."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Torricer's point of error as follows:

Torricer argues that Hawai'i Rules of Penal Procedure ("HRPP") Rule 2.2(g)[2] and Hawaii Revised Statutes ("HRS") § 706-

---

[1]    The Honorable Steven S. Alm presided.

[2]    HRPP Rule 2.2(g) states in relevant part that "[e]very pleading and other document shall be signed by the party or the party's counsel." Haw. R. Penal P. 2.2(g).

625[3]/ are in conflict and that because HRPP Rule 2.2(g) establishes specific procedures relevant to motions, its requirements prevail over the more general terms of HRS § 706-625. He relies on the principle of statutory construction providing that "where there is a plainly irreconcilable conflict between a general and a specific statute concerning the same subject matter, the specific will be favored." *Richardson v. City and Cnty. of Honolulu*, 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994) (quoting *Mahiai v. Suwa*, 69 Haw. 349, 356-57, 742 P.2d 359, 366 (1987)) (internal quotations marks omitted).

Assuming without deciding that HRPP Rule 2.2(g) and HRS § 706-625 are in conflict, the statute is the more specific as it relates to probation revocation signature requirements. HRPP Rule 2.2(g) addresses signature requirements with regard to "[e]very pleading and other document." HRS § 706-625, on the other hand, authorizes the "probation officer, the prosecuting attorney, [or] the defendant" to file an application to revoke probation. Thus, the statute addresses the more narrow (or specific) case, and the Circuit Court was correct to proceed on that basis. Therefore,

IT IS HEREBY ORDERED that the December 14, 2012 Order of Resentencing; Revocation of Probation, entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 8, 2013.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing & Ignacio)
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[3]/ HRS § 706-625 provides that "[t]he court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation . . . ." HAW. REV. STAT. § 706-625(1) (Supp. 2012).

2